IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH J. HAMMEL,            )
                              )
           Plaintiff,         )
                              )
     v.                       )
                              )  Civil Action No. 06-184J
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
           Defendant.         )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 8th day of August, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for SSI on October 14, 2004, alleging disability due to scoliosis, panic attacks and thyroid problems. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on March 2, 2006, at which plaintiff appeared represented by counsel. On May 25, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 10, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 47 years old when she filed her application and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time relevant to this case.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of osteoarthritis of the left hip, scoliosis, panic disorder, bipolar disorder, hypothyroidism, gastroesophageal reflux disease and alcohol abuse, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with a number of other non-exertional limitations. Plaintiff must avoid balancing, stooping, kneeling, crouching, crawling and climbing. In addition, she requires work that allows for a sit/stand option every 30 minutes. Further, plaintiff is limited to simple, routine, repetitive work that is not performed in a production or quota-based environment, as well as work that involves only simple work-related decisions and relatively few work place changes. Finally, she is limited to work that involves only occasional interaction with supervisors, co-workers and the general public (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an addresser, surveillance system monitor or assembler. Accordingly, the ALJ found that plaintiff

is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

In this case, plaintiff claims the ALJ's step 5 finding is not supported by substantial evidence because: (1) the RFC Finding did not account for the effects of her psychiatric symptoms; and (2) the vocational expert's testimony lacked a factual basis and was insufficient to meet the Commissioner's burden at step 5 to show that other jobs exist in the national economy which plaintiff can perform. The court concludes that these arguments lack merit.

Plaintiff first argues that the RFC Finding did not account for the effects of her psychiatric symptoms because the ALJ included only minimal limitations regarding those symptoms. In particular, plaintiff complains that the ALJ did not include a limitation to accommodate her claim that she has frequent panic attacks and, at times, she cannot get out of bed due to

depression.

Plaintiff is incorrect that the RFC Finding included only minimal limitations regarding her psychiatric symptoms. The RFC Finding was quite detailed in accommodating plaintiff's mental limitations by restricting her to simple, routine, repetitive work that is not performed in a production or quota-based environment, as well as work that involves only simple work-related decisions, relatively few work place changes and only occasional interaction with supervisors, co-workers and the general public. The ALJ's RFC Finding adequately accounted for all of plaintiff's limitations that were supported by the evidence of record. (R. 204).

Plaintiff also is incorrect that the ALJ failed to accommodate her alleged panic attacks and inability to get out of bed due to depression. Although plaintiff's primary care physician, Dr. Eicher, indicated on a Pennsylvania Department of Public Welfare form that she temporarily was disabled due to panic disorder and depression[1] (R. 236), he also expressed that he was not comfortable "continuing her disability" because she was non-compliant with his recommendation that she pursue psychiatric care. (R. 284). Subsequently, Dr. Eicher noted that plaintiff's

---

[1] Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §416.904. Here, Dr. Eicher's disability opinion simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion. Thus, Dr. Eicher's opinion of temporary disability was not entitled to controlling weight.

condition had improved, she was fairly stable and she did not require medication. (R. 279). Moreover, the record does not indicate that plaintiff complained to her doctor that she was unable to get out of bed due to depression, nor did any doctor who treated or examined plaintiff state that she was limited in that manner due to a psychiatric problem. For all of these reasons, the court concludes that the ALJ properly accounted for plaintiff's psychiatric limitations in making the RFC Finding.

Plaintiff next argues that the vocational expert's testimony lacked a factual basis and was insufficient to meet the Commissioner's burden at step 5 to show that other jobs exist in the national economy which plaintiff can perform. As explained herein, this argument lacks merit.

In response to the ALJ's hypothetical question that included the RFC Finding, the vocational expert testified that plaintiff can perform work which exists in significant numbers in the national economy, such as an addresser, surveillance system monitor or assembler. (R. 407). The ALJ asked the vocational expert whether there were any conflicts between his testimony and the Dictionary of Occupational Titles[2] ("DOT"). The vocational expert responded that the DOT does not specifically reference the sit/stand option that was included in the RFC Finding, but he

---

[2] In making disability determinations, the Social Security Administration relies primarily on the DOT for information about the requirements of work in the national economy. See Social Security Ruling 00-4p. The DOT is used at steps 4 and 5 of the sequential evaluation process, but vocational experts also are used at those steps to resolve vocational issues. Id.

testified that his opinion about the sit/stand option was based on his knowledge of the essential duties of the jobs he identified. (R. 408).

Plaintiff believes the vocational expert's testimony was not sufficient to meet the Commissioner's burden at step 5 because there was not a factual basis to conclude that the jobs he identified could be performed with a sit/stand option. According to plaintiff, the vocational expert had not performed any surveys on the matter, nor did he cite to any source to support his testimony, other than the DOT which he acknowledged did not address the sit/stand option. Thus, plaintiff maintains that the Commissioner failed to meet his burden of showing that there are jobs which exist in significant numbers in the national economy that she is capable of performing.

According to Social Security Ruling 00-4p, when a vocational expert or vocational specialist provides evidence about the requirements of a job, the ALJ has a duty to inquire about any possible conflict between the vocational expert evidence and information provided in the DOT. In these situations, the ALJ (1) must ask the vocational expert if the evidence he has provided conflicts with the DOT; and (2) if the vocational expert's evidence appears to conflict with the DOT, the ALJ must obtain a reasonable explanation for the conflict before relying on the vocational expert evidence. SSR 00-4p also states that a reasonable explanation of a conflict regarding information about a particular job's requirements may be "from a VE's or VS's

experience in job placement or career counseling."

In this case, the ALJ followed the requirements of SSR 00-4p. After the vocational expert listed jobs intended to accommodate the restrictions in the ALJ's hypothetical, the ALJ asked the vocational expert if his testimony was consistent with the DOT, to which the vocational expert responded it was with the exception of the sit/stand option. (R. 408). The only so-called conflict between the vocational expert's testimony and the DOT is that the DOT simply does not address the sit/stand option. The vocational expert went on to explain that the jobs he identified would allow for a sit/stand option based on his knowledge of the essential job duties of those particular jobs and whether changing positions would have an effect on the productivity in those jobs. (R. 408). Contrary to plaintiff's assertion, SSR 00-4p authorizes the vocational expert to rely on his own experience, and he was not required to perform surveys or cite to other sources to support his opinion. Thus, the ALJ complied with SSR 00-4p, and the Commissioner satisfied his burden at step 5 of identifying other jobs that exist in significant numbers in the national economy which plaintiff can perform.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.

Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  David M. Axinn, Esq.
     P.O. Box 597
     Hollidaysburg, PA 16648

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901